UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SCOTT C. BRUCK,<br><br>            Plaintiff,<br><br>v.<br><br>ADA COUNTY SHERIFF'S DEPARTMENT and BOISE CITY POLICE,<br><br>            Defendants. | Case No. 1:24-cv-00198-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

Plaintiff Scott C. Bruck is a prisoner proceeding pro se and in forma pauperis in this civil rights action.

The Court previously reviewed Plaintiff's initial complaint, which named a number of individual and entity defendants, pursuant to 28 U.S.C. §§ 1915 and 1915A. The Court concluded that that the complaint failed to state a claim upon which relief could be granted and allowed Plaintiff an opportunity to amend. *See Initial Review Order*, Dkt. 11. Plaintiff was advised that any amended complaint would replace the initial complaint in its entirety and that, therefore, the amended complaint "must contain all of Plaintiff's allegations in a single pleading." *Id*. at 11.

Plaintiff has now filed an Amended Complaint. Dkt. 13. The Amended Complaint eliminates all defendants other than the Ada County Sheriff's Department and the Boise City Police Department. *See id.*

The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having reviewed the Amended Complaint, the Court concludes that Plaintiff still has failed to state a plausible claim. Accordingly, this case will be dismissed pursuant to 28 U.S.C. §§ 1915 and 1915A.

1.  **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are

"merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2.   **Factual Allegations**

The Amended Complaint asserts that the Ada County Sheriff's Department and the Boise City Police shot Plaintiff "with a 40 mm projectile." *Am. Compl.* at 1. Plaintiff alleges that this constituted excessive force because there was "no ticket in evidence for a committed crime" and because Plaintiff was not resisting arrest or trying to flee. *Id.* Plaintiff states there was no reason to discharge the firearm. Plaintiff also states that he was not medically treated after the allegedly excessive use of force. *Id.* at 2–3.

3.   **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To be liable under § 1983, "the defendant must possess a purposeful, a knowing, or possibly a reckless state of mind." *Kingsley v. Hendrickson*, 1576 U.S. 389, 396 (2015). Negligence is not actionable under § 1983, because a negligent act by a public official is not an abuse of governmental

power but merely a "failure to measure up to the conduct of a reasonable person." *Daniels v. Williams*, 474 U.S. 327, 332 (1986).

In the Initial Review Order, the Court explained that, to proceed on a claim against the Ada County Sheriff's Department or the Boise City Police Department, Plaintiff would need to plausibly allege that the execution of an official policy or an unofficial custom inflicted the constitutional injury. Dkt. 11 at 5 (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. at 694. Such claims require a plaintiff to show that the defendant municipal entity had a policy or custom and that the policy or custom amounted to deliberate indifference to the plaintiff's constitutional rights. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

The Amended Complaint does not plausibly allege that either the Ada County Sheriff's Department or the Boise City Police Department had a policy, custom, or practice of using excessive force during arrests or of failing to ensure that arrestees with injuries receive medical treatment. Therefore, the Amended Complaint fails to state a claim upon which relief may be granted and must be dismissed.

### 4.   Conclusion

Although pro se pleadings must be liberally construed, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of Univ. of Alaska*, 673

F.2d 266, 268 (9th Cir. 1982). Because Plaintiff has already been given the opportunity to amend and still has failed to state a plausible claim for relief, the Court will dismiss the Amended Complaint without further leave to amend. *See Knapp v. Hogan*, 738 F.3d 1106, 1110 (9th Cir. 2013) ("When a litigant knowingly and repeatedly refuses to conform his pleadings to the requirements of the Federal Rules, it is reasonable to conclude that the litigant simply *cannot* state a claim.").

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Review the Amended Complaint (Dkt. 12) is GRANTED.

2. The Amended Complaint fails to state a claim upon which relief may be granted. Therefore, for the reasons stated in this Order and the Initial Review Order (Dkt. 11), this entire case is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) & 1915A(b)(1).

DATED: October 18, 2024

_____
B. Lynn Winmill
U.S. District Court Judge